# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2037 | **DATE** | June 26, 2008 |
| **CASE TITLE** | Howard, et al. v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

This case has been filed by four plaintiffs, Anthony Howard, Lorenzo Hicks, Develle Spencer, and Dawayne Tolliver. Only Plaintiff Howard has submitted an *in forma pauperis* application. Each Plaintiff must either pay the $350 filing fee or apply to proceed *in forma pauperis*, if they may do so. Plaintiffs Hicks and Spencer are given until July 31, 2008, to either file an *in forma pauperis* application on the proper form with the information required by Section 1915(a)(2) or to pay the full filing fee. Plaintiff Tolliver, who may not proceed under Section 1915, unless he is under imminent danger of serious physical injury, must pay the full filing fee before July 31, 2008. Plaintiff Howard is directed to file an amended *in forma pauperis* application and/or a supplemental affidavit by July 31, 2008, explaining how he has managed to survive since his release from prison with no income or savings whatsoever. Failure of any Plaintiff to comply with this order will result in summary dismissal of this case as to that litigant, on the understanding that that particular individual does not wish to join this lawsuit. Plaintiffs are given leave to file an amended complaint by July 31, 2008. The Clerk is directed to send all Plaintiffs an *in forma pauperis* application, along with a copy of this order.

■[For further details see text below.]                                                      Docketing to mail notices.

# STATEMENT

Plaintiffs Hicks, Spencer, and Tolliver, filed this case without paying the filing fee or seeking leave to proceed *in forma pauperis*. Plaintiff Howard has filed multiple applications to proceed *in forma pauperis*. All persons filing complaints in this Court, even if more than one person files a case, must file an *in forma pauperis* application or pay the full filing fee. *See Boriboure v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (each co-plaintiff is obligated to pay a full, separate statutory filing fee). The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court will direct correctional officials to deduct the initial filing fee payment directly from each Plaintiff's trust fund account. Thereafter, correctional authorities having custody of each Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid for each litigant.

Plaintiffs Hicks and Spencer have not paid the filing fee or filed an application to proceed *in forma pauperis*.

Plaintiff Tolliver, who has had at least three previous actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, has accumulated at least three "strikes." Plaintiff Tolliver has not paid the $350 filing fee. Plaintiff Tolliver cannot proceed *in forma pauperis*, unless he is under imminent danger of serious physical injury, because a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

**STATEMENT**

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff Howard, who was released from prison in April 2008, has filed multiple *in forma pauperis* applications but has continually failed to address how he has managed to survive since release from prison with no income or savings whatsoever, as indicated on his applications.

To enable the Court to make the necessary assessment of the filing fee, Plaintiffs Hicks and Spencer must submit the required *in forma pauperis* application or pay the full $350 filing fee. *See* 28 U.S.C. § 1915(a)(2). Failure to so by July 31, 2008, will result in their dismissal from this case. Plaintiff Tolliver must pay the $350 filing fee or application to proceed *in forma pauperis* if he is under imminent danger of serious physical injury by July 31, 2008. Plaintiff Howard is directed to file an amended *in forma pauperis* application and/or a supplemental affidavit by July 31, 2008, explaining how he has managed to survive since his release from prison with no income or savings whatsoever. Failure of any Plaintiff to comply with this order will result in summary dismissal of this case as to that litigant, on the understanding that that particular individual does not wish to join this lawsuit.

Pursuant to *Boriboune, supra*, 391 F.3d at 856, Plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiffs' claims; therefore, if one plaintiff is assessed a strike, any co-plaintiff will be assessed a strike as well. *Id.* Complaints about prison-wide practices do not require more than one plaintiff; furthermore, complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee. *Id.* Therefore, each Co-Plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit. *Id.*

Furthermore, the complaint that was filed does not include the signatures of all Plaintiffs (only Plaintiff Howard signed the complaint) and all of the allegations in the complaint concern Plaintiff Howard and his needed wrist surgery. Therefore, the Plaintiffs must file an amended complaint that includes the: (1) signatures of all Plaintiffs joining in the complaint and (2) claims as to each Plaintiff. Plaintiffs must consider whether their individual claims involve a nucleus of facts in common with the core claims against the Stateville Defendants in drafting the amended complaint. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("unrelated claims against different defendants belong in different suits . . . "). Plaintiffs are given leave to file an amended complaint by July 31, 2008.

The Clerk is directed to send all Plaintiffs an *in forma pauperis* application, along with a copy of this order.