10/10/2007

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

FILED
Aug 1, 2008
AUG 1 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN FORMA PAUPERIS APPLICATION
AND
FINANCIAL AFFIDAVIT

Anthony Howard
_____
Plaintiff

v.

Dart
_____
Defendant(s)

CASE NUMBER  08 C 2037
JUDGE  Ruben Castillo

Wherever ☐ is included, please place an X into whichever box applies. Wherever the answer to any question requires more information than the space that is provided, attach one or more pages that refer to each such question number and provide the additional information. Please PRINT:
I, Anthony Howard, declare that I am the ☒plaintiff ☐petitioner ☐movant (other_____) in the above-entitled case. This affidavit constitutes my application ☐ to proceed without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☐ both. I also declare that I am unable to pay the costs of these proceedings, and that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of this petition/application/motion/appeal, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?  ☐Yes  ☒No  (If "No," go to Question 2)
   I.D. #_____ Name of prison or jail:_____
   Do you receive any payment from the institution? ☐Yes ☒No  Monthly amount:_____

2. Are you currently employed?  ☐Yes  ☒No
   Monthly salary or wages:_____
   Name and address of employer: _____

   a. If the answer is "No":
      Date of last employment:_____
      Monthly salary or wages:_____
      Name and address of last employer:_____

   b. Are you married?  ☐Yes  ☒No
      Spouse's monthly salary or wages:_____
      Name and address of employer:_____

3. Apart from your income stated above in response to Question 2, in the past twelve months have you or anyone else living at the same residence received more than $200 from any of the following sources? Mark an X in either "Yes" or "No", and then check all boxes that apply in each category.

   a. Salary or wages    ☐Yes  ☒No
      Amount_____  Received by_____

    b.    ☐ Business, ☐ profession or ☐ other self-employment    ☐Yes    ☒No
Amount_____ Received by_____

    c.    ☐ Rent payments, ☐ interest or ☐ dividends    ☐Yes    ☒No
Amount_____ Received by_____

    d.    ☐ Pensions, ☐ social security, ☐ annuities, ☐ life insurance, ☐ disability, ☐ workers' compensation, ☐ unemployment, ☐ welfare, ☐ alimony or maintenance or ☐ child support
                                                                                                                                   ☐Yes    ☒No
Amount_____ Received by_____

    e.    ☐ Gifts or ☐ inheritances    ☐Yes    ☒No
Amount_____ Received by_____

    f.    ☐Any other sources (state source:_____)    ☐Yes    ☒No
Amount_____ Received by_____

4. Do you or anyone else living at the same residence have more than $200 in cash or checking or savings accounts?    ☐Yes    ☒No    Total amount:_____
In whose name held:_____ Relationship to you:_____

5. Do you or anyone else living at the same residence own any stocks, bonds, securities or other financial instruments?    ☐Yes    ☒No
Property:_____ Current Value:_____
In whose name held:_____ Relationship to you:_____

6. Do you or anyone else living at the same residence own any real estate (houses, apartments, condominiums, cooperatives, two-flats, three-flats, etc.)?    ☐Yes    ☒No
Address of property:_____
Type of property:_____ Current value:_____
In whose name held:_____ Relationship to you:_____
Amount of monthly mortgage or loan payments:_____
Name of person making payments:_____

7. Do you or anyone else living at the same residence own any automobiles, boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000?
                                                                                                                                     ☐Yes    ☒No
Property:_____
Current value:_____
In whose name held:_____ Relationship to you:_____

8. List the persons <u>who are dependent on you for support</u>, state your relationship to each person and indicate how much you contribute monthly to their support. If none, check here ☒No dependents

_____
_____

I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(e)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date: 7/28/08

_____
Signature of Applicant

_Anthony Howard_
(Print Name)

---

**NOTICE TO PRISONERS:** A prisoner must also attach a statement certified by the appropriate institutional officer or officers showing all receipts, expenditures and balances during the last six months in the prisoner's prison or jail trust fund accounts. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account--prepared by each institution where you have been in custody during that six-month period--and you must also have the Certificate below completed by an authorized officer at each institution.

**CERTIFICATE**
(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein, _____, I.D.# _____, has the sum of $_____ on account to his/her credit at (name of institution) _____. I further certify that the applicant has the following securities to his/her credit: _____. I further certify that during the past six months the applicant's average monthly deposit was $_____.
(Add all deposits from all sources and then divide by number of months).

_____          _____
          DATE                              SIGNATURE OF AUTHORIZED OFFICER

                                         _____
                                                   (Print name)

rev. 10/10/2007

Anthony Howard
111 South Parkside
Chicago, IL 60644

1:08-cv-02037

Amended in forma pauperis application, since I have been released from jail I have had 3 interviews no one will hire me because of the background situation my mom and my brother helps me out some times, I also do maitunce work at a barber shop but it pays low cash.

3

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2037 | DATE | June 26, 2008 |
| CASE TITLE | Howard, et al. v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

This case has been filed by four plaintiffs, Anthony Howard, Lorenzo Hicks, Develle Spencer, and Dawayne Tolliver. Only Plaintiff Howard has submitted an *in forma pauperis* application. Each Plaintiff must either pay the $350 filing fee or apply to proceed *in forma pauperis*, if they may do so. Plaintiffs Hicks and Spencer are given until July 31, 2008, to either file an *in forma pauperis* application on the proper form with the information required by Section 1915(a)(2) or to pay the full filing fee. Plaintiff Tolliver, who may not proceed under Section 1915, unless he is under imminent danger of serious physical injury, must pay the full filing fee before July 31, 2008. Plaintiff Howard is directed to file an amended *in forma pauperis* application and/or a supplemental affidavit by July 31, 2008, explaining how he has managed to survive since his release from prison with no income or savings whatsoever. Failure of any Plaintiff to comply with this order will result in summary dismissal of this case as to that litigant, on the understanding that that particular individual does not wish to join this lawsuit. Plaintiffs are given leave to file an amended complaint by July 31, 2008. The Clerk is directed to send all Plaintiffs an *in forma pauperis* application, along with a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs Hicks, Spencer, and Tolliver, filed this case without paying the filing fee or seeking leave to proceed *in forma pauperis*. Plaintiff Howard has filed multiple applications to proceed *in forma pauperis*. All persons filing complaints in this Court, even if more than one person files a case, must file an *in forma pauperis* application or pay the full filing fee. *See Boriboure v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (each co-plaintiff is obligated to pay a full, separate statutory filing fee). The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court will direct correctional officials to deduct the initial filing fee payment directly from each Plaintiff's trust fund account. Thereafter, correctional authorities having custody of each Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid for each litigant.

Plaintiffs Hicks and Spencer have not paid the filing fee or filed an application to proceed *in forma pauperis*.

Plaintiff Tolliver, who has had at least three previous actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, has accumulated at least three "strikes." Plaintiff Tolliver has not paid the $350 filing fee. Plaintiff Tolliver cannot proceed *in forma pauperis*, unless he is under imminent danger of serious physical injury, because a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

| STATEMENT |
|---|
| States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).<br><br>    Plaintiff Howard, who was released from prison in April 2008, has filed multiple *in forma pauperis* applications but has continually failed to address how he has managed to survive since release from prison with no income or savings whatsoever, as indicated on his applications.<br><br>    To enable the Court to make the necessary assessment of the filing fee, Plaintiffs Hicks and Spencer must submit the required *in forma pauperis* application or pay the full $350 filing fee. *See* 28 U.S.C. § 1915(a)(2). Failure to so by July 31, 2008, will result in their dismissal from this case. Plaintiff Tolliver must pay the $350 filing fee or application to proceed *in forma pauperis* if he is under imminent danger of serious physical injury by July 31, 2008. Plaintiff Howard is directed to file an amended *in forma pauperis* application and/or a supplemental affidavit by July 31, 2008, explaining how he has managed to survive since his release from prison with no income or savings whatsoever. Failure of any Plaintiff to comply with this order will result in summary dismissal of this case as to that litigant, on the understanding that that particular individual does not wish to join this lawsuit.<br><br>    Pursuant to *Boriboune, supra*, 391 F.3d at 856, Plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiffs' claims; therefore, if one plaintiff is assessed a strike, any co-plaintiff will be assessed a strike as well. *Id.* Complaints about prison-wide practices do not require more than one plaintiff; furthermore, complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee. *Id.* Therefore, each Co-Plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit. *Id.*<br><br>    Furthermore, the complaint that was filed does not include the signatures of all Plaintiffs (only Plaintiff Howard signed the complaint) and all of the allegations in the complaint concern Plaintiff Howard and his needed wrist surgery. Therefore, the Plaintiffs must file an amended complaint that includes the: (1) signatures of all Plaintiffs joining in the complaint and (2) claims as to each Plaintiff. Plaintiffs must consider whether their individual claims involve a nucleus of facts in common with the core claims against the Stateville Defendants in drafting the amended complaint. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("unrelated claims against different defendants belong in different suits . . ."). Plaintiffs are given leave to file an amended complaint by July 31, 2008.<br><br>    The Clerk is directed to send all Plaintiffs an *in forma pauperis* application, along with a copy of this order. |