

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2037 | **DATE** | AUG - 5 2008 |
| **CASE TITLE** | Howard v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [12] is granted. Plaintiff's previous motions for leave to file *in forma paauperis* [3], [7], [9] are denied as moot. Lorenzo Hicks, Deville Spencer, and Dawayne Tolliver are terminated as Plaintiffs. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, Anthony Howard, a previous inmate at Cook County Jail, seeks to bring this suit *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. A payment schedule for the filing fee will be further addressed at the initial status hearing.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff Howard claims that Defendants violated his constitutional rights by failing to provide the necessary surgery for an injured wrist. The complaint indicates that it is brought by Howard and three other Plaintiffs – Lorenzo Hicks, Deville Spencer, and Dawayne Tolliver. Because the complaint failed to include any allegations as to these three additional Plaintiffs, the Court directed the additional Plaintiffs to either pay the required filing fee and submit an amended complaint or otherwise indicate to the Court that they were not part of the lawsuit. Deville Spencer has informed the Court, via a letter dated July 7, 2008, that he wishes not to be included as a Plaintiff in the present lawsuit. Lorenzo Hicks and Dawayne Tolliver have not responded to the Court nor paid the required filing fee. Accordingly, Lorenzo Hicks, Deville Spencer, and Dawayne Tolliver are terminated as Plaintiffs. As to Plaintiff Howard's allegations, while a more fully developed record may belie Plaintiff's allegations, at this stage of the litigation, Defendants must respond to the complaint.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information


## STATEMENT

shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff indicates that he has attempted to retain counsel, Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.