UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY HOWARD,                )
                               )
                               )
        Plaintiff,             )
                               )    08 C 2037
    v.                         )    Honorable
                               )    James B. Zagel
THOMAS DART, et al             )
                               )
                               )
        Defendants.            )

**DEFENDANT DART'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant THOMAS J. DART, Sheriff of Cook County, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss Plaintiff's Complaint. In support of this motion defendant states the following:

**INTRODUCTION**

Plaintiff, a pretrial detainee at the Cook County Jail, sues the Sheriff of Cook County and several people formerly employed by the Cook County Bureau of Health and Cermak Health Services of Cook County pursuant to 42 U.S.C. § 1983[1]. (Complaint, p. 1) Cermak is the medical facility serving the Cook County Department of Corrections (CCDOC). Plaintiff alleges that suffered a wrist injury while he was in CCDOC in October 2007, and that medical personnel wither denied him treatment or delayed providing treatment.

---

[1] At this time only Sheriff Dart has been served with summons.

Specifically, Plaintiff alleges that he was in need of surgery for the wrist. He alleges that the surgery was scheduled several times, but that each time it was cancelled. Plaintiff alleges that "medical personnel" (who remain unidentified throughout the Complaint) caused his surgery to be postponed several times. (Complaint

Defendant sues Thomas Dart" based on the allegations described above. Thomas J. Dart is the Sheriff of Cook County. Although Sheriff Dart has the responsibility for overseeing the operations of the CCDOC, he is not involved in medical care at the jail. Defendant Dart moves to dismiss the Complaint because Plaintiff has failed to state an individual capacity claim against him; Plaintiff has not alleged that Sheriff Dart was in any way personally involved in the alleged constitutional violations. Furthermore, Sheriff Dart moves to dismiss the Complaint against him because Plaintiff has not alleged an official capacity claim; Plaintiff has not alleged that any policy for which Sheriff Dart is responsible was the direct cause of any violation of his constitutional rights.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) (6) authorizes dismissal of complaints that do not state an actionable claim. The Seventh Circuit reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *McCormick v. City of Chicago, et al.*, 230 F. 3d 319, 323 (7th Cir. 2000), citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993). Complaints filed *pro se* are to be

liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim…" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1988).

## ARGUMENT

### PLAINTIFF HAS NOT ALLEGED A CAUSE OF ACTION AGAINST DEFENDANT DART IN EITHER HIS INDIVIDUAL OR OFFICIAL CAPACITIES

Plaintiff does not identify whether he has sued defendant Dart in his individual capacity, official capacity, or both. However in this case Plaintiff's Complaint fails to state a cause of action against Sheriff Dart in either capacity. Therefore, for the reasons stated below, Plaintiff's complaint should be dismissed against Sheriff Dart in its entirety.

### Individual Capacity

Plaintiff names "Thomas Dart" in his Complaint. Plaintiff served this Complaint on Thomas J. Dart, Sheriff of Cook County. (Electronic docket document ___). Plaintiff fails to allege any personal involvement by defendant Sheriff Dart in his Complaint. To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of

3

personal involvement on the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). A Plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action of his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986) Plaintiff's allegations must be substantive and go beyond merely placing a defendant's name in the caption of the complaint, *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974). A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. *Rizzo v. Goode,* 423 U.S. 362, 377, (1976).

Because the doctrine of *respondeat superior* does not apply in § 1983 actions, it is not enough for plaintiff to allege wrongdoing on the part of defendant's subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold the employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

There are no allegations that Sheriff Dart participated directly in the alleged violations of Plaintiff's constitutional rights. Plaintiff is attempting to

4

hold Sheriff Dart individually liable in this case based solely on the alleged acts of "medical personnel." Nor are there any allegations that Sheriff Dart acted, or failed to act, with reckless disregard for the Plaintiff's constitutional rights. Finally there is no allegation in Plaintiff's complaint that Dart directed or consented to the violations Plaintiff alleges. Because Plaintiff fails to state a cause of action against Sheriff Dart in his individual capacity, the Complaint should be dismissed against Dart.

### **Official Capacity**

Plaintiff also fails to state a claim against Sheriff Dart in his official capacity. Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id.*

Courts have has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express

5

municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown,* 520 U.S. 397, 404 (1997); *Polk County v. Dodson,* 454 U.S. 312 (1981).

In addition, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Although a plaintiff is not held to a heightened standard of pleading in order to state a *Monell* claim, his official capacity claim must at a minimum include allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity. *McCormick v. City of Chicago, et al.,* 230 F. 3d 319, 325 (7th Cir. 2000).

Even applying the liberal notice pleading standard, Plaintiff's allegations are insufficient to state an official capacity claim against defendant Dart. Plaintiff describes only an isolated incident of alleged delayed medical against him by "medical personnel." He claims he was repeatedly scheduled for wrist surgery that he never received. Without more, this insufficient to state a Section 1983 official policy claim against Sheriff Dart. *Sivard,* 17 F.3d at 188.

6

Plaintiff does not allege that a policy for which Sheriff Dart is responsible caused him to suffer a violation of his constitutional rights.

In fact, except for naming Dart in the caption of the Complaint, Plaintiff does not allege anything at all against Dart. Plaintiff makes no allegations that can reasonably be construed to claim that an unlawful policy caused his injury. Plaintiff's factual allegations establish nothing more than a single incident allegedly involving officers employed by Dart.

Plaintiff fails to allege that a policy, custom, or practice for which Sheriff Dart is responsible was a cause or contributing cause of his alleged constitutional injury. Accordingly, under *Monell, McCormick, Baxter by Baxter* and their progeny, Plaintiff fails to state an official capacity claim pursuant to 42 U.S.C. § 1983, and Sheriff Dart should be dismissed from this case.

## **CONCLUSION**

WHEREFORE, for all of the reasons stated above, the Complaint should be dismissed against defendant Thomas J. Dart, Sheriff of Cook County.

> Respectfully Submitted,
>
> RICHARD A. DEVINE
> State's Attorney of Cook County
>
> By:  *s/Daniel J. Fahlgren*
> Daniel J. Fahlgren
> Assistant State's Attorney
> 500 Richard J. Daley Center
> Chicago, IL 60602
> (312) 603-3304
> 6201163

7